### MOSS v. SMITH.

Charge—Deed.—The issue being the delivery of a deed, charge "it may not be a manual delivery," affords of itself no reasonable ground for supposing that jury may have been unduly influenced, "and that is very strong evidence of delivery," when construed in connection with the other portion of the charge, was not reasonably calculated to mislead jury.

Before Jos. A. McCullough, special Judge, Oconee, November, 1904. Affirmed.

Action by Lem A. B. Moss *et al.* against Fannie Smith *et al.* From judgment for defendants, plaintiffs appeal.

*Messrs. Stribling & Herndon,* for appellants. *Mr. Herndon* cites: 47 S. C., 522; 49 S. C., 149, 413, 559; 56 S. C., 531; 11 Ency. P. & P., 97-104.

*Messrs. Jaynes & Shelor,* contra.  *Mr. Jaynes* cites: 9 Ency., 153, 154; 41 Ia., 334; 28 Strob., 370; 47 S. C., 520; 70 S. C., 189; 53 S. C., 93; 56 S. C., 377, 358; 58 S. C., 379.

February 15, 1906.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an action for partition.  The complaint alleges that Miles Moss died in January, 1901, leaving of force and effect his last will and testament; that the plaintiffs and defendants are his heirs at law; that during the lifetime of Miles Moss, the defendants Miles A. Moss and Kay Moss by undue influence prevailed upon him to make to them deeds of conveyance to certain tracts of land, while he was of feeble mind, but that the deeds were never delivered.  The complaint prays that said deeds be delivered up and cancelled.

The defendant Miles A. Moss in his answer alleges, that Miles Moss, on the 25th of January, 1900, executed and delivered to him the deed of conveyance mentioned in his answer upon the consideration in part that he would render any assistance necessary in the support of said Miles Moss. The defendant Kay Moss, by his guardian *ad litem,* answered formally.

The jury returned a verdict in favor of the defendants.

The sole question presented by the exceptions is whether his Honor, the presiding Judge, violated sec. 26, art. V., of the Constitution, prohibiting Judges from charging on the facts, when he said to the jury: "It may not be a manual delivery, and that is very strong evidence of delivery."

The other portion of the charge relating to this question is as follows: "The main inquiry is as to the delivery of those deeds.  Were those deeds delivered by the grantor, old man Moss?  Now the law cannot deal with an undisclosed intention.  You may make a deed with all the formalities of a deed, properly witnessed, and otherwise executed; the grantee may be named therein; but unless

there is some act indicating your intention to vest the property, the law cannot look into your mind and see what you intend to do with that deed. But where a deed is signed, sealed and delivered, and the grantee is named in the deed, the law seizes upon any act or word which expresses the intention of that party to vest the title in the grantee. It may not be a manual delivery and that is a very strong evidence of delivery; but it is not necessary that one should take the deed and hand it into the hands of the other party. Any act or word, which at the time indicated his intentions —that that man's intentions were to part with the title, and to vest it absolutely and forever in the other party—is sufficient; and the title is therefore complete at that moment. It is completed at that moment. And if it is completed in the other party, it makes no difference what may subsequently become of the deed, the title is good in the grantee."

When there is an appeal assigning error in the trial of a case, it must appear: 1st, that there was error; and, 2d, that it was prejudicial to the rights of the appellant. The principle is thus stated in *Turner* v. *Lyles,* 68 S. C., 392: "Since the Constitution of 1895, Judges are not permitted to state the testimony to the jury, but it is not every statement of the testimony that will entitle the appellant to a new trial. The statement must be of a fact in issue, and there must be reasonable ground for supposing that the jury may have been influenced by such statement, in a manner prejudicial to the rights of the appellant."

In 2 Graham & Waterman on New Trials, 633 (2d ed.), it is said: "In the progress of a warmly contested suit, exceptional testimony will occasionally slip in, despite the greatest care of the Court and counsel. If, therefore, the bare circumstance that such evidence had gone to the jury, vitiated all the proceedings, scarcely a verdict in any case of importance would stand. So that it is, on the whole, the part of wisdom for courts, on motions for new trials, to regard not so much the fact that improper evidence has been admitted, as the influence it may have had on the result.

We may then lay it down, as a settled rule, that if the verdict is undeniably correct, a new trial will not be granted, notwithstanding the admission of improper evidence." This language is quoted with approval in *State* v. *James,* 34 S. C., 49, 12 S. E., 657.

It is undoubtedly true, that it is not essential to the complete execution of a deed, that there should be a manual delivery. Therefore, the charge that "it may not be a manual delivery" afforded no reasonable ground for supposing that the jury may have been thereby unduly influenced.

We will next consider the charge, that it "is a very strong evidence of delivery." The ordinary and usual mode of completing the execution of a deed is by manual delivery, and when the grantor seals and signs the deed, and then makes a manual delivery of it to the grantee, it unquestionably furnishes strong evidence that he intended to convey the title. It is in the nature of a presumption based upon the doctrine that a person must be regarded as intending the reasonable and natural consequences of his act.

This passing remark of the presiding Judge, when construed in connection with the other portion of his exceedingly clear charge, was not reasonably calculated to mislead the jury.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.